J-S03032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE A. CRESPO | |
| Appellant | No. 1308 EDA 2015 |

Appeal from the PCRA Order April 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0702271-2006

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 20, 2016**

Jose Crespo appeals from an order dismissing his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*., without a hearing.  We affirm.

In Crespo's direct appeal, we summarized the factual history of this case as follows:

> In September of 2005, Crespo, his girlfriend, [J.R.], and her two daughters [C.V. (hereinafter 'the victim')], 6 years old, and [K.C.], 2 years old, lived at 2820 North Howard Street in Philadelphia. [The victim] testified that Crespo would pull down her pants, grasp his penis with his left hand, and rub it against her 'private part.'  She described Crespo's penis as being 'sticky and wet' during these encounters.  [The victim] also stated that Crespo would kiss her on the mouth and told her not to tell [J.R.] about it.
>
> [J.R.] testified that on the evening of June 12, 2006, she went into the bathroom to help [the victim] take a shower.  As [the victim] undressed, [J.R.] noticed a white sticky substance on [the victim's] underpants and asked her where it came from.

[The victim] first told [J.R.] that she had wet her pants. However, she started to cry and told [J.R.] that Crespo 'had touched … [her] in a bad way.' [J.R.] confronted Crespo, grabbed two knives, and chased him out of the house. She took [the victim] to Saint Christopher's Hospital for Children for an examination. [The victim] was interviewed by the police on June 12, 2006, and June 19, 2006, respectively.

Dr. Laura Brennan, an expert in the field of evaluation and treatment of children who report abuse, testified that [the victim's] medical report stated that there was no injury to her genitalia or hymen. This finding was consistent with a fondling or rubbing of the victim's genitalia. Stained underpants worn by [the victim] on the evening of June 12, 2006, and two other pairs of stained underpants that were turned over by [J.R.] to the police on June 19, 2006, were submitted to the Philadelphia Police Criminalistics Lab for analysis. Connie Li, a Criminal Forensic Scientist employed by the Police Criminalistics Lab, testified that the stained areas of the underpants were tested for the presence of sperm, protein, and acid phosphatase. Two pairs of underpants tested negative for sperm and acid phosphatase. One pair of underpants submitted on June 19, 2006 tested negative for sperm but gave an inconclusive result for the presence of acid phosphatase. The inconclusive result for acid phosphatase could have been caused by the presence of semen, [the victim's] own vaginal discharge, or some other biological material.

*Commonwealth v. Crespo*, 593 EDA 2008 (Pa.Super., 12/31/09), at 1-2

(citations omitted).

On June 13, 2006, Crespo was charged with various sexual offenses against the victim. Prior to trial, Crespo moved to admit evidence of an assault against the victim by a third person, Juan Carrero. The trial court ruled that this evidence was inadmissible.

A jury found Crespo guilty of indecent assault and corruption of a minor[1] but was unable to reach a verdict on the charge of rape. Crespo was retried and acquitted on the rape charge. On February 8, 2008, the trial court sentenced Crespo to an aggregate term of 33-108 months' imprisonment.

On December 31, 2009, this Court affirmed Crespo's judgment of sentence at 593 EDA 2008. On July 7, 2010, our Supreme Court denied Crespo's petition for allowance of appeal.

On February 25, 2011, Crespo filed a *pro se* PCRA petition. Through counsel, he filed an amended petition on April 14, 2014 raising two claims of ineffective assistance of counsel. In his first claim, Crespo alleged that while trial counsel moved to admit evidence of Carrero's assault, trial counsel failed to raise the correct reason why this evidence was admissible, viz., to show how the seven-year-old victim could have vaginal discharge on her panties. In his second claim, Crespo alleged that trial counsel was ineffective for allowing the Commonwealth to present evidence that the substance on the victim's panties "could be" consistent with vaginal discharge, because the risk of prejudice caused by this evidence far outweighed its probative value.

_____

[1] 18 Pa.C.S. §§ 3126(a)(2) and 6301(a), respectively.

On March 17, 2015, the PCRA court filed a notice of intent to dismiss Crespo's amended PCRA petition without a hearing. On April 22, 2015, the court dismissed Crespo's PCRA petition. On April 29, 2015, Crespo filed a timely notice of appeal. On May 28, 2015, without ordering Crespo to file a Pa.R.A.P. 1925(b) statement, the court filed a Pa.R.A.P. 1925 opinion.

Crespo raises the following issues in this appeal:

Did the PCRA court err in determining that the issue of ineffective [assistance] of counsel, relating to the admission of [Carrero's] third party sexual assault, raised by [Crespo] in his PCRA petition[,] was previously litigated[,] when the trial court previously opined the issue was waived for purposes of appeal due to the failure to raise it in the initial motion in limine?

Did the PCRA court err in determining that [Carrero's] third party sexual assault was irrelevant for purposes of showing the likely source of physical evidence that was presented at trial, thereby causing the claim of ineffectiveness of counsel lack merit?

Did the PCRA Court err in failing to prevent the admission of stains on the [victim's] underwear when the probative value of this evidence was outweighed by the prejudice?

Brief For Appellant, at 7.

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014).

All of Crespo's arguments accuse trial counsel of ineffective assistance. We presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa.1999). To succeed on a claim of ineffective assistance, the petitioner must plead and prove that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) counsel's ineffectiveness caused the petitioner prejudice. 42 Pa.C.S. § 9543(a)(2)(ii); *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa.2003). The petitioner bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa.2009).

Crespo has waived all arguments he attempts to raise in this appeal. As the appellant, Crespo has the duty to ensure that the certified record is complete for purposes of appellate review. *See Commonwealth v. Gonzalez*, 109 A.3d 711, 725 (Pa.Super.2015). The record in this case is woefully incomplete. There are no transcripts from trial or pre-trial hearings; nor are there any court filings prior to Crespo's initial PCRA petition. These many omissions impede effective appellate review of Crespo's claims of ineffectiveness, thus resulting in waiver. *See Commonwealth v. Powell*, 956 A.2d 406, 422–23 (Pa.2008) (defendant waived appellate review of claim that trial court erred in admitting autopsy

photograph during capital murder trial; photograph was not contained in certified record, leaving appellate court unable to assess defendant's claim that photograph was gruesome and was likely to inflame jury's passions); *Gonzalez*, 121 A.3d at 724-25 (appellant waived argument that trial court erred in admitting victim's audiotaped statement to police into evidence, which he claimed inflamed the jury against him due to victim's sobbing voice, where certified record did not include audiotape).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2016